** E-Filed 9/22/05 **

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DAVID WARDLE,<br><br>                    PLAINTIFF,<br><br>        v.<br><br>JEANNEAU AMERICA, INC., ET AL.,<br><br>                    DEFENDANTS. | Case Number C 05-02515-JF<br><br>ORDER (1) GRANTING MOTIONS TO REMAND AND (2) GRANTING PLAINTIFF'S REQUEST FOR COSTS AND ATTORNEY'S FEES[1]<br><br>[Docket No. 13, 16] |

**I. BACKGROUND**

On March 9, 2002, plaintiff David Wardle ("Wardle"), a citizen of the United Kingdom and a permanent resident of Aptos, California, was seriously injured while a passenger on a sailing yacht owned by Tim McElwee and Andrea Amacher ("owners"). Wardle alleges that his injury was caused by the failure of a block during the unfurling of a jammed mainsail.

In response to claims brought by Wardle, the owners invoked the Limited Liability Act,

---

[1] This disposition is not designated for publication and may not be cited.

1   46 App. U.S.C. § 181 et seq., which limits the liability of vessel owners, in the San

2   Francisco/Oakland Division of this Court.   Wardle and the owners then reached settlement.

3   On February 20, 2003, Wardle filed suit in the Alameda Superior Court against Jeanneau

4   America, Inc. ("Jeanneau"), Club Nautique, Inc. dba Cruising Specialists, Sparcraft, Wichard,

5   S.A., and Wichard, Inc.  Jeanneau, the manufacturer of the sailing yacht, is a Maryland

6   corporation.  Club Nautique, Inc. dba Cruising Specialists, the seller of the yacht, is a California

7   corporation with its principal place of business in Alameda, California.  Sparcraft is the

8   manufacturer of the self-furling mast.  Wichard, S.A., the manufacturer of the block, is a French

9   corporation.  Wichard, S.A. was served through the Hague convention on or about November 19,

10  2003.  Wichard, Inc. is a Rhode Island corporation.  Wardle dismissed both Wichard, S.A. and

11  Wichard, Inc. on March 18, 2005.

12  On June 2, 2004, Jeanneau filed a cross-complaint against Wichard, S.A., defendant Club

13  Nautique, Inc. dba Cruising Specialists, and others.  On June 21, 2005, Wichard, S.A. filed a

14  notice of removal of the action from the Alameda Superior Court under 28 U.S.C. § 1441(b).

15  Wichard, S.A. asserted that there was diversity jurisdiction under 28 U.S.C. § 1332.  Wardle and

16  Jeanneau both now move to remand to state court contending that (a) complete diversity of

17  citizenship does not exist, (b) plaintiff is entitled to have his action tried in state court under the

18  "saving to suitors" doctrine, and (c) Wichard, S.A.'s removal notice is procedurally defective.

19  Wardle also seeks an award of attorney's fees pursuant to 28 U.S.C. § 1447(c).  Cross-defendant

20  Wichard, S.A. opposes the motions to remand, asserting that, in addition to having diversity

21  jurisdiction, the Court has federal question jurisdiction or alternatively could sever the action

22  between Jeanneau and Wichard, S.A.

23

24  **II. LEGAL STANDARD**

25  Pursuant to 28 U.S.C. § 1441(a), often referred to as "the removal statute," a defendant

26  ordinarily may remove an action to federal court if the plaintiff could have filed the action in

27  federal court initially.  28 U.S.C. § 1441(a); *see also Ethridge v. Harbor House Restaurant*, 861

28  F.2d 1389, 1393 (9th Cir.1988).  A party may file an action in federal court if there is diversity of

2

1  citizenship among the parties or if the action raises a substantial federal question. *Ethridge* at

2  1393.  However, maritime claims brought in state court under the "saving to suitors" clause of 28

3  U.S.C. § 1333 may not be removed to federal court absent another jurisdictional basis. *Morris v.*

4  *Princess Cruises, Inc.*, 236 F.3d 1061, 1069 (9th Cir. 2001).  The party invoking the removal

5  statute bears the burden of establishing federal jurisdiction. *Id*.  The removal statute is strictly

6  construed against removal. *Id*.  The matter therefore should be remanded if there is any doubt as

7  to the existence of federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 565 (9th Cir. 1992).

8        In order to establish federal diversity jurisdiction, a plaintiff must show that a dispute has

9  arisen between citizens of different states and that the sum or value in controversy exceeds

10  $75,000.  28 U.S.C. § 1332(a).  Diversity jurisdiction requires complete diversity of citizenship;

11  each of the plaintiffs must be a citizen of a different state than each of the defendants. *Allstate*

12  *Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004).

13

14                                    **III. DISCUSSION**

15  **a.  Motions to Remand**

16        Wichard, S.A. argues that this Court should retain jurisdiction because Wichard, S.A. is a

17  foreign corporation.  It asserts that Congress is empowered by the Constitution to allow federal

18  courts to hear suits in which at least one plaintiff is diverse from at least one plaintiff.  It is not

19  enough, however, that Congress *could* authorize federal jurisdiction in these actions.  Congress

20  has not made such an authorization, and complete diversity is required. *See, e.g.*, *Saadeh v.*

21  *Farouki,* 107 F.3d 52, 54-55 (D.C. Cir., 1997) ("Congress has never granted the district courts

22  the full measure of diversity jurisdiction permitted by the Constitution, however. . . . The current

23  diversity statute, 28 U.S.C. § 1332, retains this requirement of 'complete diversity.'").  Wichard,

24  S.A. also argues that the Court may assert § 1332(a)(2) "alienage jurisdiction."  However,

25  complete diversity is required for alienage jurisdiction. *See, e.g.*, *Depex Reina 9 Partnership v.*

26  *Texas Intern. Petroleum Corp.*, 897 F.2d 461, 464-65 (10th Cir. 1990).

27        Complete diversity is destroyed when at least one defendant and at least one plaintiff are

28  citizens of the same state. *Allstate Ins. Co.*, 358 F.3d at 1095.  Wardle, a citizen of the United

3

1    Kingdom, is a permanent resident of California, and is deemed a citizen of California for the

2    purposes of determining diversity jurisdiction.  Club Nautique, Inc. dba Cruising Specialists is a

3    California corporation with its principal place of business in Alameda, California.  Thus, because

4    Wardle and Club Nautique, Inc. dba Cruising Specialists are both citizens of California, there is

5    neither diversity nor alienage jurisdiction.

6         A case also may be removed to federal court if there is a substantial federal question.

7    *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir.1988).  As noted above, the

8    maritime nature of this action does not itself allow for removal because the "saving to suitors"

9    clause of 28.U.S.C. § 1333 allows plaintiffs to choose between state and federal court.  Actions

10   brought under  28.U.S.C. § 1333 may not be removed to federal court absent diversity

11   jurisdiction or an independent federal question.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061,

12   1069 (9th Cir. 2001).

13        Wichard, S.A. nonetheless asserts three distinct bases for federal question jurisdiction.

14   First, it argues that this action arises under the Limited Liability Act, 46 App. U.S.C. § 181 et

15   seq., because that statute was invoked to limit Wardle's recovery from the owners of the vessel.

16   Second, Wichard, S.A. asserts that, pursuant to the Hague Convention on the Service Abroad of

17   Judicial and Extrajudicial Documents in Civil or Commercial Matters, there are questions about

18   the ability of the cross-complainant to join Wichard, S.A. as a party.  Third, Wichard, S.A.

19   asserts that the Court must determine whether any U.S. Court has jurisdiction to enforce a

20   judgment against a French national.

21        These arguments are without merit.  Disputes about the applicability of the Limited

22   Liability Act have been resolved by Wardle's settlement with the owners of the vessel.

23   Neither the second nor the third questions were pled by Wardle in his complaint.  The well-

24   pleaded complaint rule provides that federal jurisdiction exists only if the federal question is

25   made on the face of the plaintiff's properly pleaded complaint.  *Balcorta v. Twentieth*

26   *Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

27        In view of the foregoing discussion, this Court need not consider the procedural validity

28

4

1   of the notice of removal.  The motion for remand will be granted.[23]

2   **b. Motion for Attorney's Fees and Costs**

3        Wardle seeks  an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).

4   Wardle's attorney, Michael E. Dunlap, submitted a declaration stating that he spent three hours

5   responding to the removal by Wichard, S.A. and that his billing rate is $250 per hour.  Because

6   the Court concludes that the removal of this case pursuant to 28 U.S.C. § 1332 was unjustified,

7   it will award attorney's fees and costs to Wardle in the sum of $750.

8

9                                **IV. ORDER**

10        Good cause therefore appearing, IT IS HEREBY ORDERED that the motions for remand

11   are GRANTED, and the above entitled action is remanded to the Alameda Superior Court.  IT IS

12   FURTHER ORDERED that Wichard, S.A. shall pay the sum of $750 to Wardle for attorney's

13   fees and costs.

14

15

16   DATED:  _____

17

18

19                           /s/ electronic signature authorized

20                          JEREMY FOGEL
                            United States District Judge

21

22

23   _____

24        [2]  Wichard, S.A. argues that the cross-complaint could be severed, leaving two diverse
   parties to the federal action, Wichard, S.A. and Jeanneau.  Wichard, S.A. asserts that Wardle's

25   dismissal of Wichard, S.A. demonstrates that it is not indispensable to the state court action.
   Jeanneau contends, however, that Wichard, S.A. is an indispensable party to the action because it

26   manufactured the block that gave way and caused injury to the plaintiff.  The Court is inclined to
   agree with Jeanneau, and in any event, no motion to sever has been made.

27

28        [3]  This Court does not consider the procedural validity of the notice of removal because it
   finds that removal is not valid pursuant to either diversity or federal question jurisdiction.

5

ORDER
(JFLC1)

1    This Order has been served upon the following persons:

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. CV-05-02515-JF
ORDER
(JFLC1)